IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

SHIRLEY M. ELIZABETH (HILLMAN) ESTRADA,

Plaintiff,

vs.

DEPARTMENT OF CORRECTIONS,

Defendants.

Case No. 3:06-cv-00042-TMB

**AMENDED**
ORDER REGARDING
PRE-PAYMENT OF FEES
and PERMITTING
AMENDED COMPLAINT

Shirley M. Elizabeth (Hillman) Estrada, a self-represented prisoner, has filed civil rights complaint under 42 U.S.C. § 1983, along with an application regarding the filing fee, under 28 U.S.C. § 1915.[1] Under the Prison Litigation Reform Act, as a prisoner, Ms. Estrada is now required to pay the full federal court filing fee of $250.00 for her civil case in installments.[2] However, the form used by Ms. Estrada indicates that a prisoner's entire filing fee may be "waived." This form is incorrect, and is not

[1] *See* Docket Nos. 1, 2.

[2] *See* 28 U.S.C. § 1915(b).

in use by this Court. So, although Ms. Estrada has properly completed the form, the Court must know whether she is aware of and consents to paying the entire $250.00 filing fee in installments, before her case may proceed.

Ms. Estrada must pay an initial filing fee of 20 percent of the greater of (a) the average monthly deposits to her prison or jail account for the six months immediately before filing the lawsuit; or (b) the average monthly balance in her prison or jail account for that same six month period. The institution with custody of Ms. Estrada will deduct the money, when funds are available, from her account and send the money to the Court as ordered. Ms. Estrada will then owe monthly payments in the amount of twenty percent of the past month's income from her trust account each time the amount in the account exceeds $10.00, until the statutory filing fee of $250.00 is paid in full.[3] Responsibility for collecting these fees and submitting them to the Court lies with the agency that has custody of Ms. Estrada.

Whether or not a prisoner has paid all or part of the filing fee, the Court must dismiss a case if a prisoner's "allegation of poverty is untrue."[4] Also, the Court must dismiss if it decides that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."[5] The Court is aware, however, that it

---

[3] *See* 28 U.S.C. § 1915(b).

[4] 28 U.S.C. § 1915(e)(2)(A).

[5] 28 U.S.C. § 1915(e)(2)(B); *see also* 28 U.S.C. § 1915A.

must liberally construe a self-represented plaintiff's pleadings and give the plaintiff the benefit of any doubt.[6] Ms. Estrada is cautioned that, if this case is dismissed, **no part of the fee will be returned**; instead, the Court will continue to collect the fee until it is **paid in full**.

Finally, **a prisoner who files more than three actions or appeals in any federal court in the United States which are dismissed as frivolous or malicious or for failure to state a claim on which relief can be granted, will be prohibited from bringing any other actions without prepayment of fees unless the prisoner can demonstrate that he or she is in "imminent danger of serious physical injury."**[7]

The Court is aware, however, that it must liberally construe a self-represented plaintiff's pleadings and give the plaintiff the benefit of any doubt.[8] The Court must "grant leave to amend, even if no request to amend the pleading was made, unless

---

[6] *See Ortez v. Washington County,* 88 F.3d 804, 807 (9th Cir. 1996).

[7] 28 U.S.C. § 1915(g).

[8] *See Frost v. Symington*, 197 F.3d 348, 352 (9th Cir. 1999) (*pro se* prisoner's claims must be liberally construed, and given the benefit of any doubt); *Broam v. Bogan*, 320 F.3d 1023, 1028 (9th Cir. 2003) ("Dismissal without leave to amend is proper only in 'extraordinary' cases.") (citation omitted); *Ortez v. Washington County,* 88 F.3d 804, 807 (9th Cir. 1996).

it determines that the pleading could not possibly be cured."[9] Ms. Estrada is therefore warned about the following deficiencies in her complaint.

State Immunity

Ms. Estrada names the Department of Corrections/Medical as the defendant in the caption of her complaint. However, "[t]he Eleventh Amendment prohibits federal courts from hearing suits brought against an unconsenting state."[10] States are not "persons" for purposes of § 1983.[11] Thus, section 1983 claims against states are considered legally frivolous.[12]

The Eleventh Amendment bars suits against **state agencies** as well as those where the state itself is named as a defendant.[13] **Except for suits filed against state officials, the Eleventh Amendment bars suit regardless of the relief**

---

[9] *Lopez v. Smith*, 203 F.3d 1122, 1130-1131 (9th Cir. 2000) ("liberality in amendments to pleadings is particularly important for the pro se litigant") (citations omitted); *see also Broam v. Bogan*, 320 F.3d 1023, 1208 (9th Cir. 2003) ("Dismissal without leave to amend is proper only in 'extraordinary' cases.") (citation omitted).

[10] *Brooks v. Sulphur Springs Valley Elec. Co-op*, 951 F.2d 1050, 1053 (9th Cir. 1991), *cert. denied*, 503 U.S. 938 (1992) (citations omitted); *see also Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 66 (1996).

[11] *See Arizonans for Official English v. Arizona*, 117 S. Ct. 1055, 1069 (1997); *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *Hale v. Arizona*, 993 F.2d 1387, 1398 (9th Cir. 1993) (en banc).

[12] *See Jackson v. Arizona*, 885 F.2d 639, 641 (9th Cir. 1989).

[13] *See Natural Resources Defense Council v. California Dep't of Transp.*, 96 F.3d 420, 421 (9th Cir. 1996).

**sought.**[14] Therefore, Ms. Estrada's action against the State of Alaska's Department of Corrections, is barred by Eleventh Amendment immunity. Ms. Estrada must name individual defendants (state actors) in the caption of her complaint.

Right to Medical Care

Ms. Estrada claims that she was denied adequate medical care for a neck injury. Ms. Estrada is cautioned that it is much harder to state a claim under federal law, than to state a claim for medical malpractice under state law, and that she may want to consider filing a medical malpractice lawsuit in **state court** for this claim. To state a claim based upon inadequate medical care under the Eight Amendment to the Constitution, Ms. Estrada must allege facts showing **deliberate indifference** to serious medical needs. This claim must involve **more than malpractice**.[15] A difference of opinion between medical officials, or between prison doctors and the inmate, does not establish deliberate indifference unless the prisoner demonstrates

---

[14] *See Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984); *Seldovia Native Ass'n, Inc. v. Lujan*, 904 F.2d 1335, 1349 (9th Cir. 1990).

[15] *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Hallett v. Morgan*, 287 F.3d 1193, 1205 (9th Cir. 2002) ("First, [Plaintiffs] must prove that Defendants have deprived them of the 'minimal civilized measure of life's necessities.' ... Second, Plaintiffs must demonstrate that Defendants acted with 'deliberate indifference' in doing so.") (citations omitted); *Hamilton v. Endell*, 981 F.2d 1062, 1066 (9th Cir. 1992) (Prison officials are deliberately indifferent to a prisoner's serious medical needs when they "deny, delay, or intentionally interfere with medical treatment.") (citations omitted).

that the course of treatment was chosen with conscious disregard to the inmate's health.[16]

Under the Eighth Amendment's standard of deliberate indifference, a person is liable for denying needed medical care to a prisoner only if the person "knows of and disregards an excessive risk to inmate health and safety."[17] If the defendant should have been aware of the risk, but was not, s/he has not violated the Eighth Amendment, no matter how severe the risk.[18] But if the defendant is aware of a substantial risk of serious harm, s/he may be liable for neglecting a prisoner's serious medical needs on the basis of action **or** inaction.[19]

The Ninth Circuit looks at two elements in cases alleging deliberate indifference to a prisoner's medical needs: “the seriousness of the prisoner's medical need and the nature of the defendant's response to that need.”[20] A medical need is serious, and in violation of the Eighth Amendment, if the failure to treat the inmate's

---

[16] *See Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996); *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989).

[17] *Farmer v. Brennan*, 511 U.S. at 825, 837 (1994).

[18] *See Jeffers v. Gomez*, 267 F.3d 895, 914 (9th Cir.2001).

[19] *See Farmer*, 511 U.S. at 842.

[20] *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, *WMX Technologies, Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997) (denial of treatment for serious medical needs violates the Constitution; delay of, or interference with treatment, violates the Constitution if it leads to further serious injury).

condition could result in further significant injury or the “unnecessary and wanton infliction of pain.”[21] As explained by the Ninth Circuit, the “Eighth Amendment is not a basis for broad prison reform. It requires neither that prisons be comfortable nor that they provide every amenity that one might find desirable.”[22] The Eighth Amendment prohibits the "unnecessary and wanton infliction of pain," which includes sanctions that are "so totally without penological justification that [they result] in the gratuitous infliction of suffering."[23] Simple negligence or malpractice, however, is a state claim.

Amending Complaint

Ms. Estrada will be allowed to amend her complaint before service.[24] In the caption of the amended complaint, Ms. Estrada must list each individual defendant. She must then state, specifically, what each defendant did or did not do which she believes constitutes a federal legal wrong, and what specific relief she wants from the Court. Because Ms. Estrada is alleging violations of her federal civil rights, the Court has attached a form to assist her in amending the complaint. In completing this form, Ms. Estrada must carefully **follow** the **instructions** with the form. Ms. Estrada must

---

[21] *Id*. (citing *Estelle v. Gamble*, 429 U.S. at 104).

[22] *Hallett v. Morgan*, 287 F.3d at 1205.

[23] *Hoptowit v. Ray*, 682 F.2d at 1246 (quoting *Gregg v. Georgia*, 428 U.S. 153, 173 (1976).

[24] *See* FED. R. CIV. P. 15(a).

give **facts** in support of each claim. She should state the facts in her own words, as if she were **briefly** and **concisely** telling someone what happened. The facts must specifically allege how **each** defendant has harmed her, and must avoid stating conclusions. Last, Ms. Estrada must then **sign** and **date** the complaint. Later, if Ms. Estrada's claims proceed before the Court on the merits, at the discretion of the Court, she may be given an opportunity to file a brief on the issues in which she may more thoroughly argue her case.[25]

Further, Ms. Estrada should make no reference to the initial complaint or other extraneous (outside) documents. The Court cannot refer to a prior pleading in order to make the amended complaint complete. An amended complaint must be complete in itself without reference to any prior pleading.[26] This is because, as a general rule, an amended complaint supersedes (takes the place of) the original complaint.[27]

---

[25] A complaint "shall contain a **short and plain statement** of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2) (emphasis added). A complaint is the "initial pleading that starts a civil actions and states the basis for the court's jurisdiction, the basis for the plaintiff's claim, and the demand for relief." BLACK'S LAW DICTIONARY 279 (7th ed. 1999). A brief, on the other hand, is a "written statement setting out the legal contentions of a party in litigation, ... consisting of legal and factual arguments and the authorities in support of them." *Id*. at 186.

[26] *See* D.Ak.LR 15.1(2).

[27] *See Florida Dept. of State v. Treasure Salvors, Inc.*, 458 U.S. 670, 706 n. 2 (1982) ("It is the complaint which defines the nature of an action, and once accepted, an amended complaint replaces the original"); *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989).

**IT IS HEREBY ORDERED** that:

1. Ms. Estrada's request to "waive" the filing fee, at docket number 2, is DENIED; however, the information provided will be used, in conjunction with a fully completed motion to waive prepayment of the filing fee, to make a decision about waiving of prepayment of the filing fee;

2. If Ms. Estrada decides to proceed with this action in light of the above-described risks, she must file a motion to waive prepayment of the filing fee, on the **enclosed motion form**, on or before **April 3, 2006**, as set forth in this Order; otherwise on or before **April 3, 2006**, she must pay the Court's $250.00 filing fee, or this action will be dismissed without further notice;

3. The Clerk of Court is directed to send a "Prisoner's Motion to Waive Prepayment of Fees," form to Ms. Estrada with this Order;

4. If Ms. Estrada decides to proceed with this action in light of the above-described deficiencies, Ms. Estrada may file an amended complaint **on the enclosed prisoner's civil rights complaint form**, as set forth in this Order, on or before **April 3, 2006**;

5. The Clerk of Court is directed to send form PS01, Prisoner's Complaint Under the Civil Rights Act, with instructions, to Ms. Estrada with this Order;

6. In the alternative, Ms. Estrada may file the enclosed notice of voluntary dismissal, without prejudice, on or before **April 3, 2006**;[28]

7. The Clerk of Court is directed to send form PS09, Notice of Voluntary Dismissal, to Ms. Estrada with this Order;

8. In addition, Ms. Estrada shall provide the Court with the original, plus one complete and legible copy, of every paper she submits for filing, as required by Local Rule 10.1(b); and

9. The Clerk of Court is directed to send a copy of the district's *pro se* handbook, "Representing Yourself in Alaska's Federal Court," to Ms. Estrada with this Order.

DATED this 9th day of March, 2006, at Anchorage, Alaska.

/s/TIMOTHY M. BURGESS
United States District Judge

---

[28] Filing a voluntary dismissal avoids the risk of a "strike" under 28 U.S.C. § 1915(g) (a prisoner who files more than three actions or appeals in any federal court in the United States which are dismissed as frivolous or malicious or for failure to state a claim on which relief can be granted, will be prohibited from bringing any other actions without prepayment of fees unless the prisoner can demonstrate that he or she is in "imminent danger of serious physical injury").